UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PARIS C. FARMBRY,

    Plaintiff,                                     CASE NO.: 8:19-cv-01439

v.

UMA EDUCATION, INC. d/b/a
ULTIMATE MEDICAL ACADEMY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    COMES NOW Plaintiff, PARIS C. FARMBRY (hereafter, "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant, UMA EDUCATION, INC. d/b/a ULTIMATE MEDICAL ACADEMY (hereafter, "Defendant" or "UMA") and alleges as follows:

### INTRODUCTION

1. This is an action for damages that exceed $ 15,000.00, exclusive of costs, interest, and attorney's fees by Plaintiff against her former employer for disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). The ADA was amended by ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No 110-325, 122 Stat. 3553 (2008), which became effective on January 1, 2009. This Court has jurisdiction over Plaintiff's federal law claims pursuant to *28 U.S.C. § 1337,* and for the state law claims under the doctrine of supplemental jurisdiction.

2. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 42 U.S.C. § 2000(e)-5(f) (3) and 28 U.S.C. § 1391 (b) and (c) because the unlawful employment practices

were committed within this judicial district.  All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

3. Plaintiff is an individual who resided in Pinellas County, Florida, during the time of her employment with Defendant and all times material herein.

4. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) because it is engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff timely dual filed a Charge of Discrimination dated May 15, 2018, with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on Americans with Disabilities and Retaliation, a copy of which is attached hereto and incorporated herein as Exhibit "A".

6. This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated March 15, 2019, in reference to EEOC Charge Number 510-2018-03244, from the U.S. Equal Employment Opportunity Commission, a copy of which is attached hereto and incorporated herein as Exhibit "B".

## GENERAL ALLEGATIONS

7. The Plaintiff was began working an admissions representative for UMA in the July of 2017.

8. After the Plaintiff accepted employment with the Defendant but before she began working, the Plaintiff suffered a severe injury unrelated to work.

9. The Plaintiff's injury substantially impaired her musculoskeletal system.

10. The Plaintiff utilized crutches and later a wheel chair while in the workplace of the Defendant as a result of her injury.

11. In the Plaintiff's section, there were twenty (20) admissions representatives on a specialty team focused on inbound telephone calls. The Plaintiff's job duties and performances were similar to a call center customer service representative.

12. At the Plaintiff's worksite, there were hundreds of "admissions representatives" assigned to teams like the Plaintiff's team. The Defendant could have found other employees outside of the team to provide coverage with little to no orientation or training costs.

13. In the Fall of 2017, the Plaintiff's physical situation was deteriorating and her physician recommended taking eight weeks off of work and staying off of her legs.

14. On December 6, 2017, the Plaintiff requested a reasonable accommodation of eight (8) weeks from December 15, 2017 through February 5, 2018.

15. The Plaintiff's ADA Leave was granted by the Defendant's third-party leave administrator.

16. On December 20, 2017, the Plaintiff received correspondence from Leinora Eady, that UMA reversed their acceptance of the reasonable accommodation and terminated the Plaintiff's employment in the middle of the approved accommodation period.  See Exhibit "C".

17. As noted in the termination letter, the Plaintiff never received a letter from Hartford informing her that the reasonable accommodation was rescinded. Technically, the accommodation was not rescinded as of the date of the termination and the Plaintiff was approved for her time off. The Defendant did not follow its own policies and procedures in terminating the Plaintiff.

18. The Defendant did not at any time propose alternative reasonable accommodations or otherwise engage in an interactive process to determine whether or not the Plaintiff could work under an alternative accommodation.

19. To be clear, the Plaintiff was in consistent communication with Ms. Eady during her leave period, but never received a telephone call, email or letter regarding the change prior to her receipt of the termination letter.

20. After receiving the termination letter, the Plaintiff immediately contacted the Defendant and spoke with Ms. Leinora Eady. The Plaintiff was informed that they would not grant the accommodation and her position was terminated.

## COUNT I – AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE

21. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 20 of this Complaint.

22. The Defendant knew of the Plaintiff's disability which impaired one or more the Plaintiff's "major life activities." In the instant case, the Plaintiff's abilities for lifting, standing, and walking were impaired.

23. The Plaintiff requested a reasonable accommodation of short term leave of absence. The Eleventh Circuit has recognized that a short term leave of absence may constitute a reasonable accommodation. See Moore v. Accenture, LLP, 2007 U.S. App. LEXIS 26275, 2007 WL 3313152, at *3-4 (11th Cir. Nov. 9, 2007); Wood v. Green, 323 F.3d 1309, 1314 (11th Cir.), cert. denied, 540 U.S. 982, 124 S. Ct. 467, 157 L. Ed. 2d 373 (2003); see also Duckett v. Dunlop Tire Corp., 120 F.3d 1222, 1226 (11th Cir. 1997).

24. With the reasonable accommodation, the Plaintiff would have been able to return to work and perform the essential functions of the job in question.

25. The Defendant retained an independent third-party, Hartford Leave Management ("Hartford") to assist them in processing the Plaintiff's ADA reasonable accommodation.

26. The Defendant approved the reasonable accommodation request.

27. The Defendant rescinded the reasonable accommodation without explanation two weeks into the Plaintiff's leave.

28. The Plaintiff was never notified in writing that her leave was rescinded prior to her termination.

29. The Plaintiff was never contacted to return to work prior to her termination.

30. The Plaintiff never received a letter or other notification from Hartford informing her that her reasonable accommodation was rescinded.

31. After purporting to rescind the reasonable accommodation, the Defendant never attempted to engage in an interactive process to determine if there were other alternatives to the eight (8) week leave of absence.

32. The Plaintiff was discriminated against under the ADA because the Defendant failed provide the Plaintiff a reasonable accommodation or otherwise engage in the interactive process.

WHEREFORE, Plaintiff, PARIS C. FARMBRY, respectfully demands judgment against Defendant, UMA EDUCATION, INC. d/b/a ULTIMATE MEDICAL ACADEMY:

A. Declaring that the acts and practices complained of herein in violation of the ADA;

B. Enjoining and permanently restraining these violations of the ADA and ordering the Defendants to immediately reinstate the Plaintiff to her former position and provide the Plaintiff with a reasonable accommodation to perform his necessary job duties or in the alternative, in lieu of reinstatement enter an award of front pay to compensate the Plaintiff for the loss of employment;

C. Directing Defendant to make Plaintiff whole for all earnings he would have received but for Defendant's discriminatory and tortious treatment including, but not limited to back wages, bonuses, pension, and other loss benefits and entering judgment in her favor for this back due amount;

D. Directing all Defendant to take such affirmative steps as are necessary to ensure that the

effects of these unlawful employment practices and tortious conduct are eliminated and do not continue to affect the Plaintiff's employment opportunities;

E. Entering judgment in her favor against the Defendant in the amount of three hundred thousand dollars ($ 300,000.00) for compensatory damages and against the Defendant in the amount of Three hundred thousand dollars($ 300,000.00) in punitive damages;

F. Awarding Plaintiff pre-judgment interest; and

G. Awarding Plaintiff her reasonable costs and attorney fees incurred in this matter; and

H. Granting such other and further relief as this court deems necessary and proper.

## COUNT II – ADA INTERFERENCE & RETALIATION

33. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 20 of this Complaint.

34. Defendant engaged in protected activity when she requested a reasonable accommodation and followed the appropriate steps per her employer's instructions between December 5, 2017 through February 5, 2018.

35. Defendant, through its agent Hartford, approved the Plaintiff's reasonable accommodation.

36. The Plaintiff relied upon these assertions and did not return to work during her approved period of leave.

37. The Defendant rescinded the Plaintiff's leave without notifying the Plaintiff.

38. The first notification the Plaintiff received of this decision occurred in a termination letter.

39. The Plaintiff was never notified that she was to return to work prior to termination.

40. The Defendant intentionally failed to notify the Plaintiff of its decision to rescind the reasonable accommodation in retaliation for engaging in protected activity.

41. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss

of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary

losses and intangible injuries.

WHEREFORE, Plaintiff, PARIS C. FARMBRY, respectfully demands judgment against

Defendant, UMA EDUCATION, INC. d/b/a ULTIMATE MEDICAL ACADEMY:

A. Declaring that the acts and practices complained of herein in violation of the ADA;

B. Reinstate the Plaintiff to her former position and provide the Plaintiff with a reasonable accommodation to perform his necessary job duties or in the alternative, in lieu of reinstatement enter an award of front pay to compensate the Plaintiff for the loss of employment;

C. Directing Defendant to make Plaintiff whole for all earnings he would have received but for Defendant's discriminatory and tortious treatment including, but not limited to back wages, bonuses, pension, and other loss benefits and entering judgment in her favor for this back due amount;

D. Directing all Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices and tortious conduct are eliminated and do not continue to affect the Plaintiff's employment opportunities;

E. Entering judgment in her  favor against the Defendant in the amount of three hundred thousand dollars ($300,000.00) for compensatory damages and against the Defendant in the amount of Three hundred thousand dollars($ 300,000.00) in punitive damages;

F. Awarding Plaintiff pre-judgment interest; and

G. Awarding Plaintiff his reasonable costs and attorney fees incurred in this matter; and

H. Granting such other and further relief as this court deems necessary and proper.

### **Demand for Jury Trial**

42. Plaintiff, by and through her undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted this 13th day of June, 2019.

/s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA
Florida Bar No. 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com
Staff@malatestalawoffice.com